**STACEY & FUNYAK**
ATTORNEYS AT LAW
THE GRAND BUILDING, SUITE 700
100 NORTH 27TH STREET
P.O. BOX 1139
BILLINGS, MONTANA 59103-1139

CALVIN J. STACEY
KEVIN M. FUNYAK                                                    PHONE:   406-259-4545
MORGAN M. SORENA*                                                 FAX:   406-259-4540
 *Also Licensed in California & New York

February 23, 2023

*Via:    Email ONLY*
*carls@blackfordcarls.com*

Hillary P. Carls
Blackford Carls P.C.
602 W. Lamme Street
Bozeman, MT    59715

*RE:    Your Client:  Elizabeth Klemann*
*My Client:    Zachary Ailes*
*Cause No. DV 22-736*

Dear Hillary:

Thank you for your February 7, 2023 letter which included a Draft First Amended Complaint.   I appreciate the fact that there are benefits to all parties if a settlement can be reached however in order to have any meaningful discussions in that regard, I have some concerns.   In the event your client elects to file the First Amended Complaint, please let me know so that we can then discuss the issue in regard to the "Doe" identification of not only Ms. Klemann as a party to this lawsuit but also Mr. Ailes and the sealing of the original Complaint filed on July 7, 2022.

As you know, the original Complaint set forth a negligence cause of action on behalf of Ms. Klemann stemming from the motor vehicle accident of July 12, 2019.   As you may already know based upon the litigation involving the driver of the second vehicle, Mr. Ailes has admitted negligently operating his motor vehicle on the day of the accident.   As I read the original Complaint, your client seeks special and compensatory damages as a result of the July 12, 2019 accident.   I also see that there has been a request for an award of punitive damages.   In any event, the Draft First Amended Complaint not only includes the negligence claim stemming from the July 12, 2019 accident but now for the first time escalates this case with claims allegedly arising out of a July 29, 2019 "sexual assault." First of all, please be advised that the allegations of sexual assault are denied and will, if

**EXHIBIT B-1**

Ms. Hillary Carls
February 23, 2023
Page 2

necessary, be vigorously defended. The $5 million settlement demand made by your client presumably includes not only Ms. Klemann's personal injury claims as a result of the July 12, 2019 accident but also the new July 29, 2019 sexual assault allegation however the settlement demand is not separated in any way between the two separate claims. At the very least, we are in need of additional information concerning both claims before reasonable consideration to the settlement demand of $5 million can be given.

Starting first with the new allegation of sexual assault, I would greatly appreciate knowing your position as to why any of your client's allegations arising out of the alleged July 29, 2019 events are not time-barred pursuant to Montana's two-year statute of limitations found at §27-2-204(3), MCA. Obviously, when evaluating this case for settlement purposes, I would like to know why Ms. Klemann believes that any allegation stemming from the events outlined in the First Amended Complaint that allegedly took place on July 29, 2019 can now be prosecuted even though the original Complaint was filed on July 7, 2022, more than two years from July 29, 2019. It would be extremely helpful in evaluating the settlement demand to know why Ms. Klemann believes that she is able to prosecute these claims and is not prohibited from doing so based upon the running of the applicable statute of limitations.

I recognize that the Draft First Amended Complaint not only alleges negligence as a theory of recovery against Mr. Ailes in regard to the July 12, 2019 motor vehicle accident but also in regard to the allegations related to the July 29, 2019 claim. Based upon our research, I would like to know why it is believed that Ms. Klemann can pursue a negligence cause of action when in fact the allegations found in her Draft First Amended Complaint are clearly an intentional tort, i.e. assault. I am unaware of a cause of action that would be identified as a "negligent assault." Again, these are some procedural questions that I would obviously want to hear from you and your client as to why it is believed that these claims can survive a Motion to Dismiss. That information would be most helpful when evaluating the settlement demand of $5 million.

Also, in evaluating the case for settlement purposes, please provide me if you are willing to do so, any medical or other records which you believe establish Ms. Klemann's damage claims. I know that in your letter you referred to Missoula therapist, Warren Nichelson, as someone who is providing therapy to Ms. Klemann. In reviewing Ms. Klemann's medical records I have been unable to find any records of this type. In fact, I now have reviewed your April 14, 2022 letter to Mr. Eric Highlander of Cincinnati Insurance Company in which you provided a Drop Box link containing Ms. Klemann's medical records and bills resulting from the motor vehicle accident. To make sure that I have all

**EXHIBIT B-2**

Ms. Hillary Carls
February 23, 2023
Page 3


of Ms. Klemann's medical records, if possible, I would love to be able to obtain those records from the Drop Box link or a new one if your office is able to provide that for me. Obviously, if there are records since your April 14, 2022 letter that have been generated in regard to Ms. Klemann's medical treatment, I would like to get those as well.

Let me know your thoughts as to how you would like to proceed.   As I said, the sexual assault allegations are denied and obviously these type of allegations would tarnish an innocent young man's reputation.   At this point in time, I have no documentation whatsoever to support Ms. Klemann's allegations and since a vast majority of the settlement demand is presumably based upon that particular claim, this is why I have raised all of these issues for your and your client's consideration.

In the event we are unable to resolve this dispute, before filing the First Amended Complaint, let's visit.   Specifically, I would like to make sure that Mr. Ailes is identified by "Doe" or initials as well and secondly, I noted that in the Draft First Amended Complaint, paragraph 25, there is a typographical error in respect to the date.   These would be things that we could discuss prior to the filing of any First Amended Complaint.

Sincerely yours,

*Calvin J. Stacey*

Calvin J. Stacey
CJS:bls


*Via electronic signature for emailing purposes only.*


**EXHIBIT B-3**