IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ZACHARY AILES, | CV 26-14-M-DWM |
| Plaintiff, | |
| vs. | OPINION and ORDER |
| ELIZABETH KLEMANN and HILLARY CARLS, | |
| Defendants. | |

Following a 2019 car accident and settlement of the resultant negligence lawsuit, Plaintiff Zachary Ailes brought this malicious prosecution and abuse of process suit against Defendant Elizabeth Klemann, the plaintiff passenger in the negligence case, and her attorney in that case, Defendant Hilary Carls, for asserting allegations of sexual assault as part of the negligence lawsuit. In response, both Klemann and Carls (together, "Defendants") filed special motions to dismiss pursuant to Montana's Uniform Public Expression Freedom Act ("UPEPA"), Mont. Code Ann. § 27-34-103, arguing that this action functions to unlawfully chill an exercise of their constitutional rights. Both special motions were granted, judgment was entered in favor of Defendants, and they were awarded court costs, reasonable attorney fees, and reasonable litigation expenses pursuant to UPEPA.

1

(Docs. 44, 46); Mont. Code Ann. § 27-34-110(1) ("[I]f the moving party prevails on" a special motion, "the court shall award court costs, reasonable attorney fees, and reasonable litigation expenses related to [that] motion.").

Although an award of attorney fees is mandatory under UPEPA, Mont. Code Ann. § 27-34-110(1), the amount of such an award is discretionary, *see Kearney v. Foley & Lardner*, 553 F. Supp. 2d 1178, 1184 (S.D. Cal. 2008) ("The reasonableness of [anti-SLAPP] attorney fees is within the discretion of the trial court."). Defendants have both filed declarations outlining fees, costs, and expenses associated with their special motion. (Docs. 36, 37, 45.) Ailes was given the opportunity to challenge the fees, costs, and expenses in terms of the reasonableness of rates and/or hours expended. (Doc. 44.) He did not do so. As a result, while the fee award has been considered in light of the applicable law and prevailing rates in the community, Ailes' failure to respond is deemed an admission that the amount requested is reasonable.

Ultimately, attorney fees are awarded in the amount of $48,525.50 to Klemann and $79,187.00 to Carls, and costs are awarded in the amount of $172.76 to Carls.

## I.   Klemann

Klemann requests $48,525.50 in attorneys' fees. (Doc. 37.) In support of her request, Klemann submitted the declaration of her attorney, Michael Doggett,

(Doc. 37 at 1–4), the billing records of time spent on the UPEPA special motion, which includes, *inter alia*, the dates of time expended and billing, timekeeper, matter, applicable rate, billed hours, billed amount, and description of work, (Doc. 37 at 5), and Mr. Doggett's educational and professional background, (Doc. 37 at 2–3). As explained below, she is entitled to the requested amount.

After establishing that a plaintiff is entitled to attorney fees, a court must calculate a reasonable fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). To determine a reasonable amount, courts generally calculate a "lodestar" by multiplying "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433. This lodestar figure is then reviewed against twelve criteria known as the "*Kerr* factors," which include:

> (1) the time and labor required,
> (2) the novelty and difficulty of the questions involved,
> (3) the skill requisite to perform the legal service property,
> (4) the preclusion of other employment,
> (5) the customary fee,
> (6) [omitted]
> (7) time limitations imposed by the client or circumstances,
> (8) the amount involved and the results obtained,
> (9) the experience, reputation, and ability of the attorneys,
> (10) the 'undesirability' of the case,
> (11) the nature and length of the processional relationship with the client, and
> (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *as modified by*

*City of Burlington v. Dague*, 505 U.S. 557, 567 (1992) (deeming irrelevant the

3

sixth factor of whether the fee is fixed or contingent).  However, the *Kerr* factors only warrant a departure from the lodestar figure in "rare and exceptional circumstances." *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

### a.  Rate

In determining a reasonable rate, courts should consider both the "experience, skill[,] and reputation of the attorney requesting fees," *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996), and "the prevailing market rates in the relevant community," *Blum v. Stevenson*, 465 U.S. 886, 895 (1984).  The relevant community is typically the community in which the district court sits.  *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995).  Here, Mr. Doggett billed at a rate of $305/hour.  (Doc. 37 at 1.)  Mr. Doggett has been practicing law for nearly sixteen years and has worked as a solo practitioner for the past twelve years.  (Doc. 37 at 2.)  His practice primarily focuses on plaintiff personal injury and civil litigation, and he has been building a "niche expertise" in representing sexual abuse victims.  (*Id.* (explaining he "represented several victims of sexual abuse of Dr. Stanley Patrick Weber in Montana and South Dakota at IHS hospitals[, and]" "several abuse victims of Dr. Patrick McGree in Butte[,] and [is] currently plaintiff counsel . . . in litigation against a former pastor in Deer Lame")).

"Recent attorney fee awards in this District indicate prevailing rates between $300 and $400 for experienced counsel." *Holbrook Holdings, Inc. v. Cohodes*, 2026 WL 2168262, at *1 (D. Mont. July 28, 2026) (collecting cases); s*ee Site 2020 Inc. v. Superior Traffic Servs., LLC*, 2024 WL 5399254, at *12 (D. Mont. Oct. 25, 2024) (approving $375/hour in 2022 and $390/hour in 2023 for an attorney with twenty 20 years of experience and an expertise in patent law); *Victory Processing, LLC v. Knudsen*, 2021 WL 587905, at *4 (D. Mont. Feb. 16, 2021) (approving $350/hour for an attorney with 25 years of experience and $300/hour for an attorney with 15 years of experience); *see also Crow Indian Tribe v. United States*, 2021 WL 3142155, at * 11 (D. Mont. July 26, 2021) (awarding environmental attorney with over 20 years of experience $330/hour); *see Staton v. City & Cnty. of Butte-Silver Bow*, 2024 WL 2819335, at *7 (D. Mont. June 3, 2024) (discussing several recent awards and finding an average rate of $300/hour reasonable in a civil rights case based on varied experience of counsel).

Balancing the experience of Mr. Doggett with the prevailing rates in this District, his rate of $305/hour is reasonable.

### b. Hours

"[T]he district court may exclude from the fee request any hours that are excessive, redundant, or otherwise unnecessary." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (internal quotation marks omitted). "The fee

5

applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). The fee applicant "can meet his burden—although just barely—by simply listing his hours and identifying the general subject matter of his time expenditures." *Fisher*, 214 F.3d at 1121 (cleaned up). "The party opposing the fee application has the burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates*, 987 F.2d at 1397–98. As stated above, Ailes did not challenge the amount requested.

Mr. Doggett spent a total of 159.1 hours on the case. (Doc. 37 at 5.) The fees incurred are calculated based solely on work performed for Klemann's UPEPA special motion and do not include fees for work performed on any other motion in the case. (*Id.*) Based on the information provided, Mr. Doggett's time spent on this motion is reasonable.

### c. Lodestar

Based on the foregoing, the lodestar baseline for Klemann's counsel is 159.1 hours billed at \$305/hour totaling \$48,525.50.

### d. *Kerr* Adjustments

6

Having found a lodestar award of $48,525.50 is appropriate, the next question is whether further adjustments are warranted under the *Kerr* factors. No further adjustment is necessary. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 n.7 (9th Cir. 2011) (explaining that "many" of the *Kerr* factors are "subsumed within the initial calculation of hours reasonably expended at a reasonable rate") (quoting *Hensley*, 461 U.S. at 434 n.9)). Given Montana adopted UPEPA, Mont. Code Ann. §§ 27-34-101 through -112, the state's first anti-SLAPP statute, in 2025, pursuing a UPEPA special motion is novel and legal questions regarding retroactivity and intervening authority arose here, (*see* Doc. 44 at 10–18). However, the substantive legal questions presented were straightforward because the motion to dismiss standard applied to state-law torts. (*Id.* at 3, 21–37.) On balance, no further adjustment is required.

## II.    Carls

Carls seeks $80,012.00 in attorneys' fees and $172.76 in costs. (Docs. 36, 36-1, 45, 45-1, 45-2.) To substantiate this request, Carls provides the applicable Gorden Rees Scully Mansukhani partner, senior counsel, and associate hourly rates, (Doc. 45 at ¶ 7), the billing records of time spent on the UPEPA special motion, which includes, *inter alia*, the dates of time expended and billing, timekeeper, matter, applicable rate, billed hours, billed amount, and description of work, (Doc. 45-1), and the educational and professional background of counsel,

Nathalie A. Hammond, (Doc. 45 at ¶¶ 14–15), Nathan A. Huey, (*id.* ¶ 16), and Lindsay A. Mullineaux, (*id.* ¶ 17).

### a. Attorney Fees

#### i. Rate

As explained above, in determining a reasonable rate, courts consider both the "experience, skill[,] and reputation of the attorney requesting fees," *Trevino*, 99 F.3d at 924, and "the prevailing market rates in the relevant community," *Blum*, 465 U.S. at 895, which is typically the community in which the district court sits, *Schwarz*, 73 F.3d at 906.

Here, senior counsel Natalie A. Hammond, partner Nathan A. Huey, and senior counsel Michael P. Sarabia billed at an hourly rate of $330/hour. (Doc. 45 at ¶¶ 4, 8, 16, 17; Docs. 36-1, 45-1.) Associate Lindsay A. Mullineaux billed at an hourly rate of $295/hour. (Doc. 45 at ¶ 17; Docs. 36-1, 45-1.)

"Recent attorney fee awards in this District indicate prevailing rates between $300 and $400 for experienced counsel[,]" *Holbrook Holdings, Inc.*, 2026 WL 2168262, at *1 (collecting cases), and that an associate with less experience may be entitled to charge $295/hours for her time, *see Staton v. City & Cnty. of Butte-Silver Bow*, 2024 WL 2819335, at *7 (discussing several recent awards and finding an average rate of $300/hour reasonable in a civil rights case based on varied

experience of counsel); *Victory Processing*, 2021 WL 587905, at *4 (approving in 2021 $180/hour for associates with one to six years of experience).

Natalie A. Hammond is senior counsel and has been practicing for about six years. (Doc. 45 at ¶¶ 4, 14–15.) Her practice focuses on "complex civil litigation matters." (*Id.* ¶ 15.) Nathan A. Huey is a partner and has been in civil litigation practice for over twenty years. (*Id.* ¶ 16.) Lindsay A. Mullineaux is an associate who has been practicing for about five years and is "well-versed in a variety of areas including construction litigation, civil rights litigation, ADA disputes, employment law and business matters, personal injury, and professional negligence." (*Id.* ¶ 17.) Despite being informed by the Court's June 25, 2026 Order that Carls' fees declaration did not address Michael P. Sarabia, (Doc. 44), the updated declaration submitted by Carls only explains that Sarabia is senior counsel with Gorden Rees Scully Mansukhani that provided "legal guidance and strategic direction regarding [this] matter," (Doc. 45 at ¶ 8). Mr. Sarabia's educational and professional background is not provided.

Balancing the experience of Mr. Huey, Ms. Hammond, and Ms. Mullineaux with the prevailing rates in this District, their respective rates of $330/hour and $295/hour are reasonable. However, the reasonableness of Mr. Sarabia's rate cannot be determined without the requisite information.

### ii. Hours

As explained above, a "fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates*, 987 F.2d at 1397. The fee applicant "can meet his burden—although just barely—by simply listing his hours and identifying the general subject matter of his time expenditures." *Fisher*, 214 F.3d at 1121 (cleaned up). "The party opposing the fee application has the burden of rebuttal[.]" *Gates*, 987 F.2d at 1397–98. Once again, Ailes did not challenge the amount requested.

Here, counsel for Carls spent a total of 254.80 hours on the case. (Doc. 36-1 at 18; Doc. 45-1 at 7.) The fees requested for Carls' counsel are calculated based on the work performed to brief the UPEPA special motion, preparation for the hearing on that motion, and the work performed to file the fee declaration. (Docs. 36-1, 45-1.) Specifically, Carls' counsel billed 201.20 hours for work on the special motion through May 28, 2026. (Doc. 36-1.) Following this date, 53.60 hours were billed for hearing and fee declaration preparation. (Doc. 45-1.) Based on the information provided in his timesheet, Carls' attorneys' time spent on this motion is reasonable.

### iii. Lodestar

Based on the foregoing, the lodestar baseline for Carls' counsel is 254.80 hours billed at the rates provided above totaling $80,012.00. (*Compare* Doc. 45 at

¶ 12 *with* Doc. 36-1 at 18 (the total amount billed includes the $172.76 in printing fees that is appropriately addressed in the cost section below).)

### iv. *Kerr* Adjustments

Having found a lodestar award of $80,012.00 is appropriate, the next question is whether further adjustments are warranted under the *Kerr* factors. Because Mr. Sarabia's educational and professional background is unknown, despite the Court providing Carls with the opportunity to address the issue, his "experience, reputation, and ability," *Kerr*, 526 F.2d at 70, cannot be ascertained. The lodestar award is therefore reduced by $825, which is the total amount billed by Mr. Sarabia. As explained above, this matter included some legal novelty because UPEPA was recently adopted and is the Montana's first anti-SLAPP statute, however, the substantive legal questions presented were straightforward because the motion to dismiss standard applied to state-law tort claims. No further adjustments are therefore warranted.

### b. Costs

UPEPA requires the award of "court costs" and "reasonable litigation expenses" if the moving party prevails on its special motion. Mont. Code Ann. § 27-34-110(1). However, costs may be taxed only to the extent that such taxation is consistent with applicable federal procedural law, which permits the following taxable costs:

11

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Carls seeks $172.76 in printings fees and has provided a receipt. (Doc. 45; Doc. 45-2 (Receipt).) Because fees for printing are taxable and the amount sought is verified, Carls is awarded $172.76 in costs.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Klemann is awarded $48,525.50 in attorneys' fees, Carls is awarded $79,187.00 in attorneys' fees, and the Clerk is directed to tax costs in the amount of $172.76 to Carls.

DATED this 5th day of August, 2026.

Donald W. Molloy, District Judge
United States District Court

12